IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

DANIEL MAVRIDES,

    Plaintiff,

v.

AVEANNA HEALTHCARE AS, LLC,
a Florida Limited Liability Company.

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, DANIEL MAVRIDES ("Mavrides" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, AVEANNA HEALTHCARE AS, LLC, a Florida Limited Liability Company ("Aveanna Healthcare"), and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Pasco County, Florida.

5. Defendant has a principal address at 400 Interstate North Parkway SE, Suite 1600, Atlanta, Georgia 30339.

6. Defendant maintains a registered agent at 1201 Hays Street, Tallahassee, FL 32301.

7. Plaintiff previously worked for Defendant at its location at 34650 US Highway 19, Suite 301, Palm Harbor, FL 34684.

8. This cause of action arose in Pinellas County, Florida, in that the majority of the Plaintiff's employment was spent in Pinellas County and that was his primary place of employment.

9. Pinellas County, Florida is the proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Pinellas County, Florida.

10. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

11. Defendant's annual gross sales volume exceeds $500,000.00 per annum.

12. Defendant at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

13. Plaintiff's job responsibilities were such that he himself was an individual engaged in interstate commerce.

## COMMON ALLEGATIONS

14. Plaintiff was employed with Defendant as a Registered Nurse Case Manager from on or about June 8, 2020, up to and including his separation on May 5, 2024.

15. Defendant compensated Plaintiff on a point system in which different job assignments earned different points. Defendant paid Plaintiff $50 per point.

16. As such, Plaintiff's pay changed week to week based on his job assignments that week.

17. Plaintiff was a nonexempt employee.

18. Plaintiff worked in excess of forty hours per week without being paid overtime.

19. Defendant never paid overtime wages for hours Plaintiff worked over forty hours per week.

20. Using his good faith recollection and belief, Plaintiff estimates that during his employment he worked on average sixty-two hours per week.

21. Without the benefit of having his wage and hour records, Plaintiff estimates his damages as $101,786.82 in unpaid wages, $101,786.82 liquidated damages, and attorney's fees and costs at an amount to be determined following resolution of this case.[1]

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

22. Plaintiff incorporates by reference the allegations in paragraphs one through 21 of this Complaint as if set forth fully herein.

23. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

24. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

25. Plaintiff worked in excess of forty (40) hours per week without being compensated for all overtime benefits by the Defendant.

26. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

27. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of

---

[1] Plaintiff calculates these damages based on his good faith estimate of hours worked each week and his pay records reflecting gross pay each week. Plaintiff reserves the right to amend this Complaint upon receipt of additional records in the exclusive custody and control of Defendant.

hours for which he was not compensated in the preceding three years.

28. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the preceding three years and liquidated damages.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

31. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 4th day of September 2025.

                              SCOTT LAW TEAM LLC
                              Jupiter Gardens
                              250 South Central Boulevard
                              Suite 205
                              Jupiter, FL 33458
                              Telephone: (561) 653-0008
                              Facsimile: (561) 653-0020

                              <u>s/Gabriel T. Roberts</u>
                              Gabriel "Gabe" T. Roberts, Esq.
                              Florida Bar Number: 1018435
                              Primary e-mail: GRoberts@scottlawteam.com
                              Secondary e-mail: mail@scottlawteam.com
                              www.ScottLawTeam.com
                              *Counsel for Plaintiff*